Chief Justice Robertson,
delivered the opinion of the court.
Mrs. Rucker, as administratrix of her deceased husband, instituted this suit, in chancery, against Wadlington, as administrator of Hubbard, for the purpose of obtaining a decree against him for $¡100, which, as she alleges, he had promised, in writing, to pay, in consideration of a prior assumpsit, in. writing, by his intestate to pay that sum to her intestate; and both of which writings were, as she swears, lost. The answer denied, in form, the allegations of the bill,and relied, also, on an alleged failure of assets;but it virtually admits that the administrator had seen the undertaking of his intestate, and had recognized it. by endorsing his name on it.
The testimony of one witness, who swears to all the material allegations of the bill, is sufficiently corroborated by the answer and other circumstances. But the circuit court dismissed the bill.
If there be no assets, the administrator should not be made personally liable. It is evident that his assumpsit was made because he was administrator, and in consideration of the precedent assumpsit of his intestate; and, therefore, as there is no proof of assets, and he denies that he has any, he is not responsible de bonisi propriis; Lair vs. Miller, II Litt. Reps., 66. But the 'plaintiff in error was entitled to a decree against him, de bonis testatoris quando acciderint.
Wherefore, the decree is reversed, and the cause remanded, for a decree to be entered conformable to this opinion.